UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>RIGHT CRONS INC.,<br><br>        Defendant. | Case No. 5:20-cv-08117-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

Plaintiff Scott Johnson ("Plaintiff") alleges that Defendant Right Crons Inc. ("Defendant") violated the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 *et. seq.*) and the Unruh Civil Rights Act (Cal. Civ. Code §§ 51-53). Before the Court is Defendant's motion to dismiss Plaintiff's complaint. ("Mot."), Dkt. No. 11. Having considered the parties' submissions, the relevant law, and the record in this case, the Court **GRANTS** Defendant's motion to dismiss.[1]

**I.    BACKGROUND**

Plaintiff is a California resident with level C-5 quadriplegia. Complaint for Damages and Injunctive Relief ("Compl."), Dkt. No. 1 ¶ 1. He "uses a wheelchair for mobility and has a specially equipped van." *Id*. Plaintiff is also a serial ADA litigant who has filed over 1300 lawsuits in this district since October 2015. *See* Request for Judicial Notice ("RJN"), Ex. E, Dkt.

---

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), the Court found this motion suitable for consideration without oral argument.
Case No.: 5:20-cv-08117-EJD
ORDER GRANTING MOTION TO DISMISS

1

No. 11-2 (results of search for cases).[2]  In this case, Plaintiff claims that Defendant has violated—and continues to violate—the ADA and the Unruh Civil Rights Act.  Compl. ¶¶ 32-47.  Specifically, Plaintiff alleges that Defendant owns the real property located at or about 244 N. Jackson Ave, San Jose, California, where the business Luminance Aesthetics ("Luminance") operates.  *Id*. ¶ 3.

Plaintiff allegedly made three visits to Luminance in April 2019, June 2019, and July 2020 "with the intention to avail himself of its goods or services motivated in part to determine if defendants [sic] comply with the disability access laws."  *Id*. ¶ 8.  Plaintiff alleges that during his three visits to Luminance, he encountered multiple barriers.  *Id*. ¶¶ 10, 15, 20.  First, Plaintiff asserts Defendant "provides parking to its customers but fails to provide wheelchair accessible parking."  *Id*. ¶ 11.  Although Defendant's property has reserved a parking spot for persons with disabilities, there were allegedly not "enough parking spaces for wheelchair users in the parking lot."  *Id*. ¶ 12.  Additionally the parking stall and access aisle marked and reserved for persons with disabilities has "slopes that exceeded 2.1%."  *Id*.  Second, Plaintiff alleges Luminance "provides restrooms to its customers but fails to provide wheelchair accessible restrooms."  *Id*. ¶ 16.  Plaintiff claims "the restroom door hardware [at Luminance] had a traditional round knob handle," there were no toilet grab bars in the restroom, and the restroom sink did not provide any knee clearance for wheelchair users.  *Id*. ¶ 17.  Third, "the entrance door handle [to Luminance]

---

[2] Defendant filed an unopposed request for judicial notice in support of its motion to dismiss.  *See* RJN.  Defendant requests that the Court take notice of five exhibits.  Exhibit A is a public statement from the California Secretary of State's website.  Exhibit B is Plaintiff's public profile and address from the State Bar of California's website.  Exhibit C is a screenshot of Google Maps directions between two addresses.  Exhibit E comprises search results from this district's ECF system.  Exhibits A, B, C, and E are proper subjects of judicial notice.  *See, e.g., United States v. Perea-Rey*, 680 F.3d 1179, 1182 (9th Cir. 2012) (taking judicial notice of Google map); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of "court filings and other matters of public record").  Defendant's Exhibit D concerns the indictment and related public documents in a federal criminal proceeding in the Eastern District of California purportedly involving Plaintiff.  RJN, Ex. D.  Because the Court may take judicial notice of court filings and other matters of public record, the Court takes judicial notice that documents contained in Exhibit D were filed and that they contain certain allegations.  *Reyn's Pasta Bella, LLC*, 442 F.3d at 746 n.6.  The Court, however, does not take judicial notice of the truth of the underlying facts alleged in these filings.  The Court GRANTS the request under these terms.

1    had a traditional round knob handle." *Id*. 22.

2    According to Plaintiff, "[t]he failure to provide accessible facilities created difficulty and
3    discomfort for the Plaintiff," and "[t]he defendant[] [has] failed to maintain in working and
4    useable conditions those features required to provide ready access to persons with disabilities." *Id*.
5    ¶¶ 27–28. The barriers are allegedly "easily removed without much difficulty or expense," and
6    there are "numerous alternative accommodations that could be made . . . if complete removal were
7    not achievable." *Id*. ¶ 29. Plaintiff alleges he will "return to Luminance Aesthetics to avail
8    himself of its services and to determine compliance with the disability access laws once it is
9    represented to him that [it is] accessible." *Id*. ¶ 30.

10   On November 18, 2021, Plaintiff filed his case against Defendant. *See generally* Compl.
11   Defendant filed the instant motion to dismiss on January 8, 2021, which was accompanied by a
12   request for judicial notice in support of the motion. *See* Mot.; *see also* RJN. Plaintiff submitted
13   an opposition to the motion on February 3, 2021. *See* Plaintiff's Opposition to the Motion to
14   Dismiss the Complaint ("Opp'n"), Dkt. No. 19. Defendant filed a reply on March 31, 2021. *See*
15   Reply in Support of Defendant's Motion to Dismiss ("Reply iso Mot."), Dkt. No. 16.

16   **II.   LEGAL STANDARD**

17   **A.   Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)**

18   A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the
19   court has subject matter jurisdiction. Although lack of "statutory standing" requires dismissal for
20   failure to state a claim under Rule 12(b)(6), lack of Article III standing requires dismissal for want
21   of subject matter jurisdiction under Rule 12(b)(1). *See Nw. Requirements Utilities v. F.E.R.C.*,
22   798 F.3d 796, 808 (9th Cir. 2015) ("Unlike Article III standing, however, 'statutory standing' does
23   not implicate our subject-matter jurisdiction.") (citing *Lexmark Int'l, Inc. v. Static Control*
24   *Components, Inc.*, 572 U.S. 118, 128 n.4 (2014))); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067
25   (9th Cir. 2011). A Rule 12(b)(1) jurisdictional attack may be factual or facial. *Safe Air for*
26   *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

27   "[I]n a factual attack, the challenger disputes the truth of the allegations that, by

28   Case No.: 5:20-cv-08117-EJD
     ORDER GRANTING MOTION TO DISMISS
                                                        3

1    themselves, would otherwise invoke federal jurisdiction." *Id*.  In resolving such an attack, unlike
2    with a motion to dismiss under Rule 12(b)(6), a court "may review evidence beyond the complaint
3    without converting the motion to dismiss into a motion for summary judgment." *Id*.  Moreover,
4    the court "need not presume the truthfulness of the plaintiff's allegations." *Id*.  When the
5    defendant moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the
6    plaintiff bears the burden of establishing the court's jurisdiction.  *See Chandler v. State Farm Mut.*
7    *Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  "Once the moving party has converted the
8    motion to dismiss into a factual attack by presenting affidavits or other evidence properly brought
9    before the court, the party opposing the motion must furnish affidavits or other evidence necessary
10   to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High*
11   *Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  The court may not,
12   however, "resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the
13   resolution of factual issues going to the merits.'"  *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th
14   Cir. 1987) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983)).

15   "In a facial attack," on the other hand, "the challenger asserts that the allegations contained
16   in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*,
17   373 F.3d at 1039.  The court "resolves a facial attack as it would a motion to dismiss under Rule
18   12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the
19   plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to
20   invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

### B.    Leave to Amend

If a court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted).  Accordingly, leave to amend generally shall be denied only if allowing amendment

Case No.: 5:20-cv-08117-EJD
ORDER GRANTING MOTION TO DISMISS
4

1  would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party

2  has acted in bad faith. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

In its motion to dismiss, Defendant argues that Plaintiff has no standing to bring the instant ADA claim because he "has never visited the facility himself" and thus has not suffered an injury-in-fact. Mot. at 3-4. A disabled person claiming access discrimination must establish Article III standing to maintain a suit under the ADA. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). To establish Article III standing, Plaintiff must demonstrate that:

> (1) he has suffered an "injury-in-fact" that is concrete and particularized and actual or imminent; (2) the injury is fairly traceable to the challenged actions of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 868–69 (9th Cir. 2002) (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. Inc.*, 528 U.S. 167, 180–81 (2000)). Moreover, an ADA plaintiff can establish standing to sue for injunctive relief, which is the only relief available to private plaintiffs under the ADA, by demonstrating deterrence or injury-in-fact coupled with an intent to return to a noncompliant facility. *Chapman*, 631 F.3d at 946. Although courts take a broad view of constitutional standing in disability access cases, the ADA's reach is "not unlimited." *Id*. at 946.

### A.  Factual Attack

Defendant first brings a factual attack against Plaintiff's complaint and presents the declaration of Luminance Aesthetics' owner, Dr. Anjali Dhar, in support of its challenge. *See* Decl. of Anjali Dhar ("Dhar Decl."), Dkt. No. 11-1. Dr. Dhar contests the complaint's allegation that Plaintiff visited Luminance and encountered the alleged barriers. Specifically, Dr. Dhar avers that Luminance offers aesthetic services including injectables, light therapy, and laser hair removal and is operated on an appointment-only basis. *See* Dhar Decl. ¶¶ 3-4. According to Dr. Dhar, Luminance does not accept walk-in patients and also requires all patients to fill out questionnaires regarding their health history and provide the business with credit card information prior to every

Case No.: 5:20-cv-08117-EJD
ORDER GRANTING MOTION TO DISMISS

5

appointment. *Id*. ¶¶ 4-5. Dr. Dhar asserts that Plaintiff has never been a Luminance patient and did not make any appointments in April 2019, June 2019, or July 2020. *Id*. ¶¶ 6-7. Thus, Defendant argues Plaintiff has not established that he suffered an injury-in-fact sufficient to establish standing under Article III. In response Plaintiff argues that the jurisdictional facts challenged by Defendant are intertwined with the merits of Plaintiff's claims and it would be improper for the Court to address the factual dispute at the pleading stage. *See* Opp'n at 2 (citing *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 140 (9th Cir. 1983)). Under Ninth Circuit law, "when the jurisdictional issue and the merits are 'intertwined,' or when the jurisdictional question is dependent on the resolution of factual issues going to the merits, the district court must apply the summary judgment standard in deciding the motion to dismiss." *Miller v. Lifestyle Creations, Inc.*, 993 F.2d 883 (9th Cir. 1993) (quoting *Augustine*, 704 F.2d at 1077 (9th Cir. 1983)). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039. Here, however, Defendant's factual attack on Plaintiff's intent to return and the deterrence he experiences are unrelated to whether the alleged violations of the ADA occurred and whether Defendant provided reasonable accommodations. A factual attack on these issues is therefore appropriate on a motion to dismiss.

      Still, Dr. Dhar's declaration is the only evidence Defendant furnishes in support of its argument that Plaintiff has not established that he suffered an injury-in-fact. *See* Mot. at 3-4. Though Plaintiff did not introduce affidavits or other evidence in response, Dr. Dhar makes no statement which suggests Plaintiff was precluded from visiting Luminance without an appointment or without having filled out a questionnaire first. Relatedly, Defendant has not offered any evidence that Luminance's appointment-only policy precluded Plaintiff from visiting Defendant's parking lot or Luminance in April 2019, and again in June 2019 and July 2020. Plaintiff, on the other hand, asserts he encountered certain barriers at Defendant's property during these three visits. *See* Compl. ¶ 8. Although the Court does not need to presume the truthfulness

Case No.: 5:20-cv-08117-EJD
ORDER GRANTING MOTION TO DISMISS

6

1   of Plaintiff's allegations under a factual attack, here, Defendant has not presented sufficient

2   evidence for the Court to conclude that Plaintiff has failed to establish he suffered an injury-in-

3   fact. Accordingly, the Court finds that Defendant's factual attack on the complaint fails at this

4   stage to establish grounds for dismissal.

### B.   Facial Attack

Next, Defendant raises a facial attack to the complaint arguing that Plaintiff has not demonstrated an intent to return to Luminance. Mot. at 4-7.

#### 1.   Intent to Return

"Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.'" *Chapman*, 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

To determine whether a plaintiff's likelihood of returning to a place of public accommodation is sufficient to confer standing, courts examine factors such as "(1) the proximity of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Johnson v. Overlook at Blue Ravine, LLC*, No. 2:10-CV-02387 JAM, 2012 WL 2993890, at *3 (E.D. Cal. 2012) (collecting cases); *see also Johnson v. DTBA, LLC*, 5:19-cv-00082-EJD, 2019 WL 6311408, at *3–*5 (N.D. Cal. Nov. 25, 2019) (applying factors).

##### a.   Proximity of Place of Public Accommodation

This factor considers the proximity of the subject business to the plaintiff's residence/place of business as an indication of the sincerity of plaintiff's intent to return to the business. *See id*. at *8. In *Blue Ravine*, the court concluded that while a distance of "approximately fifteen miles" between the business and plaintiff's home was relatively close, it only weighed slightly in Plaintiff's favor. *Id*. Here, Defendant's property is nearly 130 miles from Plaintiff's home. *See* RJN ¶ 3, Ex. C. This is over a two-hour drive (in good traffic). *Id*. Given the distance and lengthy

Case No.: 5:20-cv-08117-EJD
ORDER GRANTING MOTION TO DISMISS

1  drive, this factor weighs in Defendant's favor.

### b. Past Patronage of Public Accommodation

Plaintiff alleges that he visited Luminance three times. Compl. ¶ 8. This factor weighs slightly in Plaintiff's favor.

### c. Definitiveness of Plans to Return

Much like in *Blue Ravine*, Plaintiff has no specific plans to return to Luminance. He only has a general plan to return to the location to "avail himself of its goods or services and to determine compliance with the disability access laws." Compl. ¶ 30; *accord DTBA*, 2019 WL 6311408, at *3. This "some-day intention" to return is insufficient—the complaint lacks "any description of concrete plans, or indeed even any specification of when [he will avail himself to Defendant's property and Luminance]." *Blue Ravine*, 2012 WL 2993890, at *3; *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) (holding that past visits to project areas did not prove imminent injury); *City of Los Angeles*, 461 U.S. at 102 ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.").

In response, Plaintiff argues that under Ninth Circuit precedent, "minimal allegations" that "a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers" are sufficient to establish that his injury is actual or imminent. Opp'n at 6-9 (citation omitted). This Court has already rejected that argument. *See DTBA*, 2019 WL 6311408, at *3. The Court declines to recite that same analysis here and instead directs Plaintiff to *DTBA*. Plaintiff's geographic distance and lack of concrete plans to return to Luminance or even the Bay Area, prevent the Court from inferring that he intends to return to the location. *Cf. Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008) (holding it was "reasonable to infer, based on the past frequency of her visits and the proximity of defendants' restaurants to her home, that Camarillo intends to return to these restaurants in the future"). This factor thus favors Defendant.

### d. Frequency of Travel Near Public Accommodation

Case No.: 5:20-cv-08117-EJD
ORDER GRANTING MOTION TO DISMISS

8

United States District Court
Northern District of California

Plaintiff presents no evidence that he has specific ties to the Bay Area or Luminance. This factor thus favors Defendant.

Accordingly, while Plaintiff has pled that he suffered an injury-in-fact by encountering the ADA violations, he has not demonstrated that he will imminently suffer that same injury as he has not demonstrated that he intends to return to Luminance.

### 2.    Deterrence

"A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant accommodation because he has encountered barriers related to his disability there." *Chapman*, 631 F.3d at 949. As discussed above, the threat of a future injury must be sufficiently "imminent" to permit a plaintiff to sue for injunctive relief. *Id.*; *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008) ("Doran has suffered an injury that is concrete and particularized because he alleged in his amended complaint that he personally suffered discrimination as a result of the barriers in place during his visits to 7–Eleven and that those barriers have deterred him on at least four occasions from patronizing the store.").

Plaintiff argues that he has sufficiently alleged that he is deterred from visiting Luminance. As support, Plaintiff relies on *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 67 F.3d 1093 (9th Cir. 2017) ("CREEC") for the proposition that it is enough to plead only an intent to return after remediation. Opp'n at 6-9. This is true—an ADA plaintiff need not intend to return to the allegedly ADA-noncompliant place until after remediation. *See CREEC*, 867 F.3d at 1100-01. There must, however, be *some* plausible intent to return. For instance, in *Parr v. L&L Drive-Inn Restaurant*, the court held that the disabled plaintiff established a likelihood of future injury because the plaintiff pled (1) he patronized other restaurants in the defendant's restaurant chain, which served similar food to the restaurant he would have frequented but-for ADA violations, and (2) the restaurant he wanted to patronize was close to his residence and was on a familiar bus line. 96 F. Supp. 2d 1065, 1079–80 (D. Haw. 2000). Similarly, in *Pickern v. Holiday Quality Foods Inc.*, the Ninth Circuit found standing based on deterrence where a disabled plaintiff sued a store located 70 miles from his residence. 293 F.3d 1133, 1135 (9th Cir. 2002). There, the plaintiff

Case No.: 5:20-cv-08117-EJD
ORDER GRANTING MOTION TO DISMISS
9

alleged that he had visited the store (the alleged ADA noncompliant place) on several occasions in the past and would prefer to patronize the store if it were accessible. *Id*. at 1138–39. The plaintiff also alleged he was likely to return since the grocery store was part of his favorite grocery chain and the store was located in the town where the plaintiff visited his grandmother every week. *Id*. at 1135.

The facts of this case do not present a similar deterrent effect. Plaintiff's formulaic recitation of an intent to return is insufficient as a matter of law. *Lujan*, 504 U.S. at 564*; see also Ashcroft v. Iqbal*, 556 U.S. at 662, 678 (2009) ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (alteration in original) (citation omitted). Plaintiff alleges only that the ADA violations deter him from returning to Luminance. *See* Compl. ¶ 30. He fails to sufficiently allege that he was likely to return to Luminance. Plaintiff does not allege why he prefers Luminance over other aesthetic medicine centers. Additionally, Plaintiff fails to allege that he intends to frequent the Bay Area in the future. Likewise, Plaintiff provides no indication that he has any sort of concrete plan to visit Luminance in the future. His allegations of deterrence are thus strictly theoretical; he has not demonstrated a sufficient likelihood that he will be wronged in a similar way. *See Strojnik v Wickstrom Hospitality, LLC*, No. 219CV002043JAMACPS, 2020 WL 1467067, at *6 (E.D. Cal. Mar. 26, 2020). Accordingly, Plaintiff has not met the "imminence" requirement of standing and this Court lacks subject-matter jurisdiction over his ADA claim.

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's ADA claim for lack of subject-matter jurisdiction under Rule 12(b)(1). The Court declines to exercise supplemental jurisdiction over Plaintiff's related Unruh Civil Rights Act claim, which is **DISMISSED** without prejudice. *See Johnson v. Torres Enters. LP*, No. 18-CV-02929-VKD, 2019 WL 285198, at *4 (N.D. Cal. Jan. 22, 2019) (declining to exercise supplemental jurisdiction over a claim for violation of the Unruh Act premised solely on a violation of the ADA).

As discussed above, when dismissing a complaint, a court should grant leave to amend

Case No.: 5:20-cv-08117-EJD
ORDER GRANTING MOTION TO DISMISS
10

"unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127.  The Court finds amendment would not be futile.  Accordingly, Plaintiff's claims are dismissed with leave to amend.  He may file an amended complaint by **August 25, 2021**.  Plaintiff may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: August 11, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-08117-EJD
ORDER GRANTING MOTION TO DISMISS
11