1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>                Plaintiff,<br><br>    v.<br><br>RIGHT CRONS INC.,<br><br>                Defendant. | Case No.  5:20-cv-08117-EJD<br><br>**ORDER DENYING MOTION TO DISMISS; *SUA SPONTE* DISMISSING WITHOUT PREJUDICE PLAINTIFF'S STATE LAW CLAIM**<br><br>Re: Dkt. No. 22 |

13    Plaintiff Scott Johnson ("Plaintiff") alleges that Defendant Right Crons Inc. ("Defendant")

14 violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and the

15 California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51–53.  *See* First Amended

16 Complaint for Damages and Injunctive Relief ("FAC"), Dkt. No. 21.  Before the Court is

17 Defendant's motion to dismiss Plaintiff's First Amended Complaint.  Defendant Right Crons

18 Inc.'s Notice of Motion and Motion to Dismiss Plaintiff's First Amended Complaint ("Mot."),

19 Dkt. No. 22.  Plaintiff filed an opposition, to which Defendant filed a reply.  Plaintiff's Opposition

20 to the Defense Motion to Dismiss ("Opp."), Dkt. No. 24;[1] Defendant's Reply in Support of Motion

21 to Dismiss ("Reply"), Dkt. No. 25.[2]  Having considered the Parties' submissions, the relevant law,

22 and the record in this case, the Court **DENIES** Defendant's motion to dismiss.  However, the

23 Court *sua sponte* dismisses Plaintiff's Unruh Act claim.

24

25 [1] Plaintiff argues in his opposition that Defendant released his address in a "vile attempt to
intimidate" him.  Opp. at 1.  Plaintiff asks that this disclosure be sealed.  The Court directs
26 Plaintiff to N.D. Cal. Civil Local Rule 79-5(f).
[2] On June 22, 2022, this Court found this motion appropriate for decision without oral argument
27 pursuant to Civil Local Rule 7-1(b).  *See* Dkt. No. 31.

<div style="text-align: left; writing-mode: vertical">United States District Court
Northern District of California</div>

## I.       BACKGROUND

Plaintiff is a level C-5 quadriplegic with physical disabilities.  FAC ¶ 1.  He uses a wheelchair for mobility and has a specially equipped van.  FAC ¶ 1.  Defendant owns real property located at or about 244 N. Jackson Ave, San Jose, California, where the business "Luminance Aesthetics" operates.  FAC ¶¶ 2, 3.

Plaintiff alleges that he went to Luminance Aesthetics in April 2019, June 2019, and July 2020, with the intention to avail himself of its goods or services.  FAC ¶ 8.  Plaintiff alleges that on the dates of his visits, Defendant failed to provide wheelchair accessible parking in conformance with ADA standards.  FAC ¶¶ 11, 12.  Specifically, there were not enough parking spaces for wheelchair users in the parking lot, and the parking stall and access aisle marked and reserved for persons with disabilities had slopes that exceeded 2.1%.  FAC ¶ 13.  During his visits, the only wheelchair parking space was in use.  FAC ¶ 13.  Plaintiff further alleges that on the dates of his visits, Defendant failed to provide wheelchair accessible common-area restrooms in conformance with ADA standards.  FAC ¶ 16.  Specifically, the restroom door hardware had a traditional round knob handle, there were no toilet grab bars, and the restroom sink did not provide any knee clearance for wheelchair users.  FAC ¶ 18.  Defendant also allegedly failed to provide wheelchair accessible door hardware in conformance with ADA standards on the dates of Plaintiff's visits.  FAC ¶ 21.  Specifically, the entrance door had a traditional round knob handle, which is not ADA compliant.  FAC ¶¶ 22, 23.

Plaintiff alleges that these barriers relate to and impact his disability.  FAC ¶ 26.  Plaintiff plans to return to Luminance Aesthetics to avail himself of its goods and services but is currently deterred from doing so because of the alleged barriers.  FAC ¶ 31.

## II.      LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction.  Although lack of "statutory standing" requires dismissal for

1    failure to state a claim under Rule 12(b)(6), lack of Article III standing requires dismissal for want

2    of subject matter jurisdiction under Rule 12(b)(1).  *See Nw. Requirements Utilities v. F.E.R.C.*,

3    798 F.3d 796, 808 (9th Cir. 2015) ("Unlike Article III standing, however, 'statutory standing' does

4    not implicate our subject-matter jurisdiction.") (citing *Lexmark Int'l, Inc. v. Static Control*

5    *Components, Inc.*, 572 U.S. 118, 128 n.4 (2014))); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067

6    (9th Cir. 2011).  A Rule 12(b)(1) jurisdictional attack may be factual or facial.  *Safe Air for*

7    *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

8         "[I]n a factual attack, the challenger disputes the truth of the allegations that, by

9    themselves, would otherwise invoke federal jurisdiction."  *Id.*  In resolving such an attack, unlike

10   with a motion to dismiss under Rule 12(b)(6), a court "may review evidence beyond the complaint

11   without converting the motion to dismiss into a motion for summary judgment."  *Id.*  Moreover,

12   the court "need not presume the truthfulness of the plaintiff's allegations."  *Id.*  When the

13   defendant moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the

14   plaintiff bears the burden of establishing the court's jurisdiction.  *See Chandler v. State Farm Mut.*

15   *Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  "Once the moving party has converted the

16   motion to dismiss into a factual attack by presenting affidavits or other evidence properly brought

17   before the court, the party opposing the motion must furnish affidavits or other evidence necessary

18   to satisfy its burden of establishing subject matter jurisdiction."  *Savage v. Glendale Union High*

19   *Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  The court may not,

20   however, "resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the

21   resolution of factual issues going to the merits.'"  *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th

22   Cir. 1987) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983)).

23        "In a facial attack," on the other hand, "the challenger asserts that the allegations contained

24   in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone*,

25   373 F.3d at 1039.  The court "resolves a facial attack as it would a motion to dismiss under Rule

26   12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the

27

28
Case No.: 5:20-cv-08117-EJD
ORDER DENYING MOTION TO DISMISS; *SUA SPONTE* DISMISSING WITHOUT
PREJUDICE PLAINTIFF'S STATE LAW CLAIM
3

United States District Court
Northern District of California

1   plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to

2   invoke the court's jurisdiction."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

3                              **B.  Supplemental Jurisdiction**

4            When a federal court has original jurisdiction over a claim, the court "shall have

5   supplemental jurisdiction over all other claims that are so related to claims in the action . . . that

6   they form part of the same case or controversy."  28 U.S.C. § 1367(a).  State claims are part of the

7   same case or controversy as federal claims "'when they derive from a common nucleus of

8   operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial

9   proceeding.'"  *Kuba v. 1–A Agric. Ass'n*, 387 F.3d 850, 855–56 (9th Cir. 2004) (quoting *Trs. of*

10  *the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*,

11  333 F.2d 923, 925 (9th Cir. 2003)).  Supplemental jurisdiction is mandatory unless prohibited by

12  § 1367(b),[3] or unless one of the exceptions in § 1367(c) applies.  *Schutza v. Cuddeback*, 262 F.

13  Supp. 3d 1025, 1028 (S.D. Cal. 2017).  Under § 1367(c), a district court may "decline

14  supplemental jurisdiction over a claim" if:

15                  (1) the claim raises a novel or complex issue of State law, (2) the claim
                    substantially predominates over the claim or claims over which the
16                  district court has original jurisdiction, (3) the district court has
                    dismissed all claims over which it has original jurisdiction, or (4) in
17                  exceptional circumstances, there are other compelling reasons for
                    declining jurisdiction.
18
    28 U.S.C. § 1367(c).
19
20           A district court's discretion to decline to exercise supplemental jurisdiction over state law

21  "is informed by the Gibbs values 'of economy, convenience, fairness, and comity.'"  *Acri v.*

22  *Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *United Mine Workers*

23  *v. Gibbs*, 383 U.S. 715, 726, (1966)).  A court may decline to exercise supplemental jurisdiction

24  under § 1367(c) "under any one of [the statute's] four provisions."  *San Pedro Hotel Co., Inc. v.*

25

26  ---
    [3] 28 U.S.C. § 1367(b) applies to civil actions where a district court has original jurisdiction
27  founded solely on 28 U.S.C. § 1332 (diversity jurisdiction).  Because the Court's jurisdiction over
    this case is founded on 28 U.S.C. § 1331 (federal question jurisdiction), § 1367(b) is inapplicable.
28  Case No.: 5:20-cv-08117-EJD
    ORDER DENYING MOTION TO DISMISS; *SUA SPONTE* DISMISSING WITHOUT
    PREJUDICE PLAINTIFF'S STATE LAW CLAIM

United States District Court
Northern District of California

1    *City of L.A.*, 159 F.3d 470, 478–79 (9th Cir. 1998).  When dismissing a state-law claim pursuant to

2    subparts (1) through (3), a district court need not state its reason for dismissal.  *Id.*  If a district

3    court declines to exercise supplemental jurisdiction under § 1367(c)(4), however, the court must

4    "articulate why the circumstances of the case are exceptional."  *Exec. Software N. Am., Inc. v. U.S.*

5    *Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of*

6    *Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1095 (9th Cir. 2008).  The Ninth Circuit has

7    cautioned that declining supplemental jurisdiction based on § 1367(c)(4) should be the exception,

8    not the rule.  *Id.* at 1558.

9          **III.**     **DISCUSSION**

10             **A. ADA Claim**

11         Defendant moves to dismiss Plaintiff's first amended complaint for lack of Article III

12   standing, arguing that Plaintiff has not remediated the problems identified by this Court in its

13   August 2021 order.  The Court disagrees.

14         In its motion to dismiss, Defendant argues that Plaintiff lacks standing to bring this action

15   because he never visited the facility, and thus has not suffered an injury-in-fact.  Mot. at 3-4.  A

16   disabled person claiming access discrimination must establish Article III standing to maintain a

17   suit under the ADA.  *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir.

18   2011).  To establish Article III standing, Plaintiff must demonstrate that:

19   
20           (1) he has suffered an "injury-in-fact" that is concrete and particularized and actual or imminent; (2) the injury is fairly traceable to the challenged actions of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

21   

22   *Bernhardt v. Cnty. of L.A.*, 279 F.3d 862, 868–69 (9th Cir. 2002) (citing *Friends of the Earth, Inc.*

23   *v. Laidlaw Env't Servs. Inc.*, 528 U.S. 167, 180–81 (2000)).  Moreover, an ADA plaintiff can

24   establish standing to sue for injunctive relief, which is the only relief available to private plaintiffs

25   under the ADA, by demonstrating deterrence or injury-in-fact coupled with an intent to return to a

26   noncompliant facility.  *Chapman*, 631 F.3d at 946.  Although courts take a broad view of

27   Case No.: 5:20-cv-08117-EJD

28   ORDER DENYING MOTION TO DISMISS; *SUA SPONTE* DISMISSING WITHOUT
     PREJUDICE PLAINTIFF'S STATE LAW CLAIM

constitutional standing in disability access cases, the ADA's reach is "not unlimited." *Id.* at 946.

### 1. Factual Attack

Defendant first brings a factual attack against Plaintiff's complaint and presents the declaration of Luminance Aesthetics' owner, Dr. Anjali Dhar, in support of its challenge. *See* Declaration of Anjali Dhar ("Dhar Decl."), Dkt. No. 22-1. Luminance Aesthetics offers aesthetic services, including injectables, light therapy, laser hair removal, and microdermabrasion. Dhar Decl. ¶ 3. However, according to Dr. Dhar, Luminance does not accept walk-in patients and is by appointment only. *Id.* ¶ 4. People who do not have an appointment are not able to use Luminance facilities, including its restrooms. *Id.* ¶ 5. Luminance requires all patients to fill out questionnaires regarding their health history and provide a credit card prior to every appointment. *Id.* ¶ 6. Dr. Dhar maintains that Plaintiff has "never been a patient of [his] or of Luminance Aesthetics" and that "Luminance Aesthetics [does not] have any health questionnaires []or credit card information or any history of contact from [Plaintiff]." *Id.* ¶ 7; *see also id.* ¶ 8 ("Plaintiff Scott Johnson did not make any appointments with Luminance Aesthetics in April 2019, June 2019, or July 2020."). Pursuant to this declaration, Defendant argues that Plaintiff has not established that he suffered an injury-in-fact sufficient to establish standing under Article III.

The Court continues to find that this question cannot be resolved on the current record. To resolve this question would require the Court to resolve the underlying merits of Plaintiff's claims. This is improper. *Miller v. Lifestyle Creations, Inc.*, 993 F.2d 883 (9th Cir. 1993) ("[W]hen the jurisdictional issue and the merits are 'intertwined,' or when the jurisdictional question is dependent on the resolution of factual issues going to the merits, the district court must apply the summary judgment standard in deciding the motion to dismiss." (quoting *Augustine*, 704 F.2d at 1077). Accordingly, Defendant has not presented sufficient evidence for the Court to conclude that Plaintiff has failed to establish he suffered an injury-in-fact.

Case No.: 5:20-cv-08117-EJD
ORDER DENYING MOTION TO DISMISS; *SUA SPONTE* DISMISSING WITHOUT
PREJUDICE PLAINTIFF'S STATE LAW CLAIM

6

United States District Court
Northern District of California

1

2. **Facial Attack**

2        Next, Defendant raises a facial attack to the complaint arguing that Plaintiff has not

3   demonstrated an intent to return to Luminance.  Mot. at 4–7.  This Court previously determined

4   that Plaintiff had not demonstrated an intent to return to Luminance.

5        "Although encounters with the noncompliant barriers related to one's disability are

6   sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive

7   relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a

8   similar way.'"  *Chapman*, 631 F.3d at 948 (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 111

9   (1983)).

10       To determine whether a plaintiff's likelihood of returning to a place of public

11  accommodation is sufficient to confer standing, courts examine factors such as "(1) the proximity

12  of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of defendant's

13  business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of

14  travel near defendant."  *Johnson v. Overlook at Blue Ravine, LLC*, 2012 WL 2993890, at *3 (E.D.

15  Cal. 2012) (collecting cases); *see also Johnson v. DTBA, LLC*, 2019 WL 6311408, at *3–*5 (N.D.

16  Cal. Nov. 25, 2019) (applying factors).

17       In its earlier ruling, the Court determined that Plaintiff failed to show intent to return.

18  While Plaintiff still resides far away from Luminance and continues to fail to allege specific plans

19  to return to Luminance, he does allege facts that support an inference that he frequents the area

20  and that he has thrice frequented Luminance.  Specifically, in his amended complaint, Plaintiff

21  alleges that he "frequents [San Jose] because he likes it, and he must for ongoing litigation."  FAC

22  ¶ 9.  He further alleges that he "has visited San Jose more than 70 times since February 2021 and

23  is in the area multiple times a week."  FAC ¶ 9.  Plaintiff "regularly patronizes a coffee shop

24  called Coffee Lovers situated five miles from Luminance Aesthetics."  FAC ¶ 9.  On balance,

25  given the number of times Plaintiff alleges he went to Luminance and the specific ties he alleges

26  with San Jose, the Court finds that Plaintiff has pled that he suffered an injury-in-fact.

27  Case No.: 5:20-cv-08117-EJD
28  ORDER DENYING MOTION TO DISMISS; *SUA SPONTE* DISMISSING WITHOUT
    PREJUDICE PLAINTIFF'S STATE LAW CLAIM
    7

United States District Court
Northern District of California

### 3.  Conclusion

At this stage, the Court must take Plaintiff's allegations as true.  However, the Court recognizes that questions remain about whether Plaintiff did, in fact, personally visit Defendant's establishment or whether he has a legitimate intent to return.  To resolve these questions the Court will allow jurisdictional discovery.  Defendant shall notify the Court within 30 days of this Order whether it would like a 3-month period of jurisdictional discovery or whether it would instead prefer to move directly to an evidentiary hearing.  If Defendant opts for jurisdictional discovery, it will be permitted to take discovery on Plaintiff's intent to return and whether Plaintiff visited Luminance.  Likewise, Plaintiff will be permitted to take discovery to show that he did, in fact, visit Luminance.

### B.  Unruh Act Claim

Regardless of whether Defendant chooses to pursue jurisdictional discovery or an evidentiary hearing, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and finds that exceptional circumstances warrant declining jurisdiction.  *See Arroyo v. Rosas*, 19 F. 4th 1202, 1211–14 (9th Cir. 2021).  This case is in its early stages, so concerns of judicial economy, convenience, fairness to litigants, and comity do not favor retaining jurisdiction. *See id*. at 1214.  And the facts of the case—"a frequent filer of ADA and Unruh Act claims seeking federal jurisdiction to circumvent California's procedural barriers to such suits—present the type of exceptional circumstances contemplated by section 1367(c)(4)" to decline supplemental jurisdiction.  *Whitaker v. Alice & Olivia California Holdings LLC*, 2022 WL 1135088, at *1 (N.D. Cal. Apr. 18, 2022); *Garcia v. Maciel*, 2022 WL 395316, at *3 (N.D. Cal. Feb. 9, 2022) (collecting cases).  Considering the dismissal of Plaintiff's Unruh Act claim, it is not obvious whether Plaintiff would want to continue pursuing his ADA claim separately, rather than proceeding solely on his Unruh Act claim in state court or filing both in state court.  Plaintiff is therefore ORDERED to file within ten days either: (1) a motion or stipulation to dismiss his ADA claim; or (2) a status report indicating that he would like to proceed on that claim in this Court.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.      CONCLUSION**

For the foregoing reasons, Plaintiff's claim under the Unruh Act is **DISMISSED** *sua sponte* **without prejudice** to refiling in state court.  Plaintiff is ORDERED to file within ten days either: (1) a motion or stipulation to dismiss his ADA claim; or (2) a status report indicating that he would like to proceed on that claim in this Court.

Defendant's motion to dismiss is **DENIED**.  Assuming Plaintiff elects to proceed with his ADA claim before the undersigned, Defendant shall notify the Court within 30 days of this Order whether it would like a 3-month period of jurisdictional discovery or whether it would instead prefer to move directly to an evidentiary hearing.

**IT IS SO ORDERED.**

Dated: June 27, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-08117-EJD
ORDER DENYING MOTION TO DISMISS; *SUA SPONTE* DISMISSING WITHOUT
PREJUDICE PLAINTIFF'S STATE LAW CLAIM

9